Eastern District of Kentucky
**FILED**
SEP 11 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

TIMOTHY MASSEY,  )
 )
    Petitioner, ) Civil No. 0: 19-82-HRW
 )
v. )
 )
JASON STREEVAL, Warden, ) **OPINION AND ORDER**
 )
    Respondent. )

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate Timothy Massey has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the manner in which his sentence was calculated under the federal Sentencing Guidelines. [D. E. No. 1] The Court conducts an initial review of the petition pursuant to 28 U.S.C. § 2243.[1]

---

[1] *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Massey's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

In 2003, Massey was convicted in Charlotte, North Carolina of brandishing a firearm during and in relation to a crime of violence and aiding and abetting the same in violation of 18 U.S.C. §§ 924(c), 2. *United States v. Massey*, No. 3:03-CR-19 (W.D.N.C. 2003) (*Massey I*). See *Massey v. United States*, No. 3:16-CV-244-MOC, 2017 WL 4706910, at *2 (W.D.N.C. Oct. 19, 2017). In 2004 Massey pleaded guilty in Greensboro, North Carolina to robbing a pawn shop in violation of the Hobbs Act, 18 U.S.C. §1951, and was sentenced to 97 months imprisonment to be followed by five years of supervised release. *United States v. Massey*, No. 1:03-CR-146-NCT-1 (M.D.N.C. 2003) (*Massey II*).

In another prosecution in Charlotte, Massey pleaded guilty to carjacking in violation of 18 U.S.C. § 2119, use of a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c), and receiving stolen firearms in violation of 18 U.S.C. § 922(j). Massey was sentenced to a cumulative term of 96 months imprisonment for these three crimes to be followed by five years of supervised release. This sentence was ordered to run concurrently with the sentence imposed in *Massey II*. *United States v. Massey*, No. 3:03-CR-29-MOC-1 (W.D.N.C. 2003) (*Massey III*).

In 2011, Massey violated the terms of his supervised release in *Massey III* and was sentenced to five months imprisonment. *United States v. Massey*, No. 3:11-CR-124-MOC-DSC-1 (W.D.N.C. 2011).

In August 2013, Massey was indicted in Charlotte, North Carolina for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). As part of a plea agreement, Massey and the government expressly agreed that his offense level for the felon-in-possession offense was 30: a base offense level of 24, U.S.S.G. § 2K2.1(a)(2) (2013); a four level increase because the firearm was used or possessed in connection with another felony offense, § 2K2.1(b)(6)(B); and a two level increase for possession of a firearm, § 2D1.1(b)(1). The parties agreed to jointly recommend a sentence at the top end of the guidelines range. Massey also waived his right to contest his conviction or sentence, whether by direct appeal or collateral attack, save upon grounds of prosecutorial misconduct or ineffective assistance of counsel.

In light of these stipulations, the government agreed to dismiss the § 924(c) count in exchange for Massey's guilty plea to the § 922(g) and § 841(a) counts. By obtaining the dismissal of the § 924(c) count, Massey procured a reduction in his sentence from an aggregate range of 360 months to life imprisonment to 110 to 157 months imprisonment. Following a sentencing hearing in August 2014, the trial court sentenced Massey to 120 months imprisonment for the felon-in-possession offense and a concurrent 17-month term for the drug trafficking offense. During the

3

same hearing, the trial court imposed a consecutive 24-month term for violating the terms of his supervised release in *Massey III*. *United States v. Massey*, No. 3: 13-CR-224-MOC-1 (W.D.N.C. 2013) (*Massey IV*).

On direct appeal Massey challenged the validity of the waiver of his appeal rights and the career offender enhancement, but in 2015 the Fourth Circuit dismissed the appeal in light of the plea waiver. Massey, proceeding both *pro se* and subsequently with the assistance of appointed counsel, again challenged the validity of his plea waiver and the career offender enhancement in his initial motion under 28 U.S.C. § 2255. The trial court denied that motion in October 2017, concluding among other things that his claims were barred by the plea waiver and substantively without merit. *Massey*, 2017 WL 4706910, at *6-8.

In his current petition, Massey contends that in light of *United States v. Camp*, 903 F. 3d 594 (6th Cir. 2018) and *United States v. O'Connor*, 874 F. 3d 1147 (10th Cir. 2017), his prior conviction for Hobbs Act robbery no longer constitutes a "crime of violence" under the Sentencing Guidelines, and thus he no longer qualifies as a career offender under the Guidelines to warrant an enhancement of his sentence. [D. E. No. 1-1 at 1, 7-10]

If Massey were sentenced today in a court sitting within the Sixth Circuit, his prior conviction for Hobbs Act robbery would not qualify as a "crime of violence"

4

under the Sentencing Guidelines. *Camp*, 903 F.3d at 600-04. But several obstacles stand in the way of Massey obtaining the relief he seeks.

Massey argues that only two prior convictions, Hobbs Act robbery in *Massey II* and carjacking in *Massey III*, supported the trial court's career offender determination. [D. E. No. 1-1 at 2] But the Presentence Investigation Report ("PSR") concluded that a third conviction, for brandishing a firearm during the commission of a crime of violence in *Massey I*, also qualified as a crime of violence. *Massey*, 2017 WL 4706910, at *2.[2] Thus, even if Massey's arguments are correct, they do not undermine the PSR's conclusion that he had two prior convictions for a crime of violence, and U.S.S.G. § 4B1.1(a) does not require more. Massey's petition therefore fails to muster a substantive basis for relief.

In his plea agreement, Massey agreed both that he qualified as a career offender under the Sentencing Guidelines and to the resulting calculation of his

---

[2] Massey notes that the original PSR in *Massey IV* incorrectly referred to one of his three convictions in *Massey III* as for Hobbs Act robbery instead of carjacking. [D. E. No. 1-1 at 3-4] The Probation Office has acknowledged the error, but noted that it had no effect upon his status as a career offender. [D. E. No. 1 at 13] And in ruling upon Massey's § 2255 motion the trial court, while incorrectly referring to the predicate from *Massey III* as Hobbs Act robbery in one sentence, correctly refers to it as carjacking in a succeeding sentence. *Massey*, 2017 WL 4706910, at *2. This sporadically-appearing clerical error did not affect the trial court's determination regarding Massey's career offender status. Massey, whose claim in this petition is focused upon his Hobbs Act robbery conviction in *Massey II* rather than his mislabeled conviction in *Massey III*, does not suggest otherwise.

5

offense level. He further agreed to waive his right to appeal or collaterally attack his convictions and sentence. Such waivers are enforceable to preclude collateral attacks in habeas proceedings under § 2241. *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001); *United States v. Bryant*, 663 F. App'x 420 (6th Cir. 2016). *See also Muller v. Sauers*, 523 F. App'x 110, 112 (3d Cir. 2013) ("Muller's plea agreement included a waiver of collateral-attack rights 'in any post-conviction proceeding, including-but not limited to-any proceeding under 28 U.S.C. § 2255.' Therefore, his plea agreement forecloses relief pursuant to § 2241 …"); *Johnson v. Warden*, 551 F. App'x 489, 491 (11th Cir. 2013); *Muse v. Daniels*, 815 F. 3d 265, 267 (7th Cir. 2016) (holding that a collateral attack waiver "would apply equally in a proceeding under § 2241, had not § 2255(e) taken precedence, for § 2241 is a form of collateral attack."); *United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003) ("The conventional understanding of 'collateral attack' comprises challenges brought under, for example, 28 U.S.C. § 2241, 28 U.S.C. § 2254, 28 U.S.C. § 2255, as well as writs of coram nobis."). Here, Massey bargained for and received a substantial reduction in the sentence he faced by agreeing to the terms of a plea agreement which included a waiver of his right to challenge that sentence by any means, whether by direct appeal or collateral attack. That agreement is enforceable to bar his challenge in this habeas proceeding.

Massey's claim also may not be pursued under § 2241. A federal prisoner must challenge his conviction or sentence on direct appeal or through a motion under 28 U.S.C. § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A petition under § 2241 may generally only be used to challenge actions by prison officials that affect the manner in which a prisoner's sentence is carried out, such as computing custody credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). There are narrow circumstances where a prisoner may challenge the enhancement of his federal sentence in a § 2241 petition. To qualify, the petitioner must (1) have been sentenced under a mandatory guidelines regime before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005) rendered the Sentencing Guidelines merely advisory; (2) point to a Supreme Court decision - issued after the petitioner's sentence became final and which is retroactively applicable to cases on collateral review - which establishes that as a matter of statutory interpretation one or more of his prior convictions were not for offenses that could properly be used to enhance his federal sentence; and (3) establish that the new decision could not have been invoked in an initial or successive § 2255 motion. *Hill v. Masters*, 836 F. 3d 591, 595, 599-600 (6th Cir. 2016).

Massey does not meet these requirements. First, his guidelines sentence was imposed in 2014, long after *Booker* was decided and under an advisory Sentencing
7

Guidelines regime. A challenge to the enhancement of his sentence therefore fails to satisfy *Hill's* threshold requirement for cognizability. See *Arroyo v. Ormond*, No. 6: 17-CV-69-GFVT (E.D. Ky. 2017), *aff'd*, No. 17-5837 (6th Cir. April 6, 2018) ("Arroyo was sentenced in October 2006, after the Supreme Court's decision in *Booker* ... On this basis alone, Arroyo's claim does not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge a federal sentence."); *Contreras v. Ormond*, No. 6: 17-CV-329-GFVT (E.D. Ky.), *aff'd*, No. 18-5020 at p. 2-3 (6th Cir. Sept. 10, 2018). Massey contends that *Hill*'s reference to the mandatory Guidelines in effect before *Booker* was not instrumental to its holding, and that post-*Booker* Guidelines determination are equally subject to attack under § 2241. See *Neuman v. United States*, No. 17-6100, 2018 WL 4520483, at *2 n.1 (6th Cir. May 21, 2018) (noting but not reaching the question). But this Court has evaluated that argument at length and concluded that *Hill*'s limitation to pre-*Booker* sentences is both clearly expressed in *Hill* itself and required by its reasoning. *Anderson v. Ormond*, 352 F. Supp. 3d 767, 772-73 (E.D. Ky. 2018); *Shelton v. Barnhart*, No. 6: 19-CV-12-REW, 2019 WL 508069, at *2-3 (E.D. Ky. Feb. 8, 2019).

Massey's claim is one of ordinary trial error, and therefore one he could and must have pursued on direct appeal or in an initial motion under § 2255, rendering resort to § 2241 improper. In addition, Massey's 120-month sentence for the felon-in-possession offense does not exceed the ten year statutory maximum term of

8

imprisonment provided by 18 U.S.C. § 924(a)(2), and hence he does not show a miscarriage of justice as required to properly invoke the savings clause. *Hill*, 836 F. 3d at 596 ("... a habeas petition may be brought pursuant to § 2241 when a sentence exceeds the maximum prescribed by statute."). For each of these reasons, the Court concludes that Massey's petition fails to establish grounds for relief, and should be denied.

Accordingly, the Court **ORDERS** as follows:

1. The Court **DENIES** Timothy Massey's petition for a writ of habeas corpus [D. E. No. 1].

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 11th day of September, 2019.



Signed By:
*Henry R. Wilhoit, Jr.*
**United States District Judge**

9